UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

LETICIA C. MATEO
and other similarly situated individuals,

    Plaintiff(s),

v.

EL CHURRASCO GRILL, LLC,
EVER SANTIZO GONZALEZ, individually

    Defendants,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff LETICIA C. MATEO and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants EL CHURRASCO GRILL, LLC, and EVER SANTIZO GONZALEZ individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for half-time unpaid overtime wages, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff LETICIA C. MATEO is a resident of Martin County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant EL CHURRASCO GRILL, LLC (hereinafter EL CHURRASCO GRILL, or Defendant) is a Florida corporation, having a place of business in Indiantown, Martin County, Florida, where the Plaintiff worked for Defendant. The Defendant was and is engaged in interstate commerce.

4. The individual Defendant EVER SANTIZO GONZALEZ is the owner/partner and manager of EL CHURRASCO GRILL. The Defendant EVER SANTIZO GONZALEZ had operational control of the business and he is the employer of Plaintiff within the meaning of 29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Martin County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff LETICIA C. MATEO as a collective action to recover from Defendants, unpaid half-time overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class"), and who worked in excess of forty (40) hours during one or more weeks on or after October 2017, (the "material time") without being properly compensated.

7. Defendant EL CHURRASCO GRILL is a Guatemalan restaurant located at 15557 SW Warfield Blvd., Indiantown, FL 34956, where the Plaintiff worked.

8. The Defendants EL CHURRASCO GRILL and EVER SANTIZO GONZALEZ employed Plaintiff LETICIA C. MATEO as a cook and restaurant employee from approximately October 01, 2017, to April 20, 2020, or 133 weeks.

9. The Plaintiff was hired as a full-time, non-exempted, hourly employee. During her employment period, the Plaintiff was paid at the rate of $10.00 an hour.

10. During her employment with Defendants, Plaintiff regularly worked 6 days per week. From October 01, 2017 to October 31, 2019, or 109 weeks, Plaintiff worked 6 days per week an average of 52 hours weekly.

11. From November 2019 to April 20, 2020, or 24 weeks, the Plaintiff had a regular schedule, she worked 6 days per week an average of 46 hours weekly.

12. While employed by the Defendants, the Plaintiff always worked more than 40 hours in a week period. The Plaintiff was paid for all her hours at her regular rate, but she did not receive payment for overtime hours as established by the Fair Labor Standards Act.

13. The Plaintiff clocked in and out, and the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

15. The Plaintiff was paid weekly with checks covering 40 regular hours. The Plaintiff was paid for the remaining hours strictly in cash. Plaintiff was provided with paystubs that did not reflect the number of days and the real number of hours worked every week.

16. The Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate based on her best recollections.

17. Plaintiff LETICIA C. MATEO seeks to recover half-time overtime wages for every hour in excess of 40, which were paid at her regular wage-rate, liquidated damages, and any other relief as allowable by law.

18. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

19. Plaintiff LETICIA C. MATEO re-adopts every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. This cause of action is brought by Plaintiff LETICIA C. MATEO as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

21. Defendant EL CHURRASCO GRILL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as a restaurant and is engaged in interstate commerce. The

Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

22. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

23. The Defendants EL CHURRASCO GRILL and EVER SANTIZO GONZALEZ employed Plaintiff LETICIA C. MATEO as a cook and restaurant employee from approximately October 01, 2017, to April 20, 2020, or 133 weeks.

24. The Plaintiff was hired as a full-time, non-exempted, hourly employee. During her employment period, the Plaintiff was paid at the rate of $10.00 an hour.

25. During her employment with Defendants, Plaintiff regularly worked 6 days per week. From October 01, 2017, to October 31, 2019, or 109 weeks, Plaintiff worked 6 days per week an average of 52 hours weekly.

26. From November 2019 to April 20, 2020, or 24 weeks, she worked 6 days per week an average of 46 hours weekly.

27. While employed by Defendants, Plaintiff always worked more than 40 hours in a week period. The Plaintiff was paid for all her hours at her regular rate, but she did not receive payment for overtime hours as established by the Fair Labor Standards Act.

28. The Plaintiff clocked in and out, and the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

29. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

30. The Plaintiff was paid weekly with checks covering 40 regular hours.  Plaintiff was paid for the remaining hours strictly in cash.  Plaintiff was provided with paystubs that did not reflect the number of days and the real number of hours worked every week.

31. The Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate based on her best recollections.

32. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendants.  However, upon information and belief, Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees.

33. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. The Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      Seven Thousand Two Hundred Sixty Dollars and 00/100 ($7,260.00)

   b. <u>Calculation of such wages</u>:

      Total time of employment: 133 weeks
      Total number of relevant weeks: 133 weeks
      Regular rate: $10.00 an hour

      **1. Overtime from October 01, 2017, to October 31, 2019, or 109 weeks**

      Total relevant weeks: 109 weeks
      Total hours worked: 52 hours weekly
      Total overtime hours: 12 O/T hours
      Regular rate: $10.00 x 1.5= $15.00 O/T rate
      O/T rate: $15.00-$10.00 rate paid=$5.00 half-time O/T difference

      O/T half-time $5.00 x 12 O/T hours=$60.00 weekly x 109 weeks=$6,540.00

      **2. Overtime from November 01, 2019, to April 20, 2020, or 24 weeks**

      Total relevant weeks: 24 weeks
      Total hours worked: 46 hours weekly
      Total overtime hours: 6 O/T hours
      Regular rate: $10.00 x 1.5= $15.00 O/T rate
      O/T rate: $15.00-$10.00 rate paid=$5.00 half-time O/T difference

      O/T half-time $5.00 x 6 O/T hours=$30.00 weekly x 24 weeks=$720.00

      Total # 1, and #2=$7,260.00

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

      This amount represents unpaid half-time overtime wages.

36. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

37. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants, and Plaintiff and those similarly-situated are entitled to recover double damages.

38. At the times mentioned, individual Defendant EVER SANTIZO GONZALEZ was the owner/president and director of Defendant Corporation EL CHURRASCO GRILL. Individual Defendant EVER SANTIZO GONZALEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of EL CHURRASCO GRILL in relation to its employees including Plaintiff and others similarly situated. Individual Defendant EVER SANTIZO GONZALEZ had total financial and operational control of the Corporation, he determined Plaintiff's employment terms and conditions of employment and is jointly and severally liable for Plaintiff's damages

39. Defendants EL CHURRASCO GRILL and EVER SANTIZO GONZALEZ willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remain owing Plaintiff these

overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

40. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff LETICIA C. MATEO and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff LETICIA C. MATEO and other similarly situated individuals and against the Defendants EL CHURRASCO GRILL and EVER SANTIZO GONZALEZ, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff LETICIA C. MATEO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interest: and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff LETICIA C. MATEO demands trial by a jury of all issues triable as of right by a jury.

Dated:  March 25, 2020

                                            Respectfully submitted,

                                            By:  **/s/ Zandro E. Palma**
                                            ZANDRO E. PALMA, P.A.
                                            Florida Bar No.: 0024031
                                            9100 S. Dadeland Blvd.
                                            Suite 1500
                                            Miami, FL 33156
                                            Telephone: (305) 446-1500
                                            Facsimile:  (305) 446-1502
                                            zep@thepalmalawgroup.com
                                            *Attorney for Plaintiff*