UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: 20-cv-14163-MIDDLEBROOKS

LETICIA C. MATEO,

    Plaintiff,

v.

EL CHURRASCO GRILL, LLC.,
and EVER SANTIZO GONZALEZ, individually,

    Defendants,
_____/

**JOINT MOTION FOR ENTRY OF ORDER APPROVING
SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

    Plaintiff, LETICIA C. MATEO, (hereinafter, "Plaintiff"), and Defendants, EL CHURRASCO GRILL, LLC., and EVER SANTIZO GONZALEZ, individually (hereinafter, collectively as "Defendants"), by and through their respective undersigned counsel, hereby file this Joint Motion for Entry of Order Approving Settlement and jointly request that this Honorable Court approve the settlement reached in this matter and dismiss this case with prejudice, and in support thereof, state:

**MEMORANDUM OF LAW**

**I**.    **Legal Principles**

    This is an action brought by Plaintiff for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et. seq*. Defendants have denied any and all liability with regards to Plaintiff's claims, including the amounts of any alleged unpaid overtime wages in this action.

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which contested claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by Plaintiff against her alleged former employers, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues. Although Defendants dispute their liability for the allegedly owed overtime wage payments to Plaintiff, they have agreed

to pay Plaintiff in full settlement of the disputed claims to resolve the lawsuit without further litigation and limit the expenses and costs associated with further litigation.

## II. Terms of Settlement

1. This case involves claims made by Plaintiff for alleged unpaid overtime wages under the FLSA. Plaintiff filed her complaint on May 25th, 2020. [D.E. #1]

2. On or about September 11th, 2020, at the Settlement Conference conducted by the Honorable Magistrate Judge Shaniek M. Maynard, with the help of Magistrate Judge Maynard the parties were able to reach a settlement between them that resolved all of Plaintiff's claims, including those for attorney's fees and costs.

3. Plaintiff and Defendants herein state that the settlement reached between them with respect to Plaintiff's claimed FLSA damages represents a fair and reasonable resolution of disputed claims and that the terms of the settlement are acceptable to both Plaintiff and Defendants. Specifically, based upon their respective estimates of Plaintiff's underlying claims and her claims for attorney's fees and costs, the parties negotiated the settlement amount herein.

4. In settlement, Plaintiff LETICIA C. MATEO, will be paid a total of $5,000.00 as full relief and compensation of any alleged unpaid overtime wages, liquidated damages and any other claims she may have against Defendants. From the total amount of $5,000.00, $2,500.00 shall be allocated as "wages", and $2,500.00 shall be allocated as "liquidated damages".

5. The parties agree that upon careful review of Plaintiff's dates of alleged employment; hours and weeks which Plaintiff worked; time and pay records; corporate tax returns, and all available evidence pertaining to Plaintiff's employment and the issues of enterprise and individual coverage, this amount represents a fair and reasonable compromise of the disputed claims. This is even more so in light of the fact that upon review of the Defendant

       corporation's tax returns, the Defendant corporation appeared not to be a covered enterprise under the FLSA. While Plaintiff disputed the issues of enterprise and individual coverage, it was in the best interest of the parties to amicably reach a resolution.

6. The parties also agree that there are genuine disputes as to whether or not Plaintiff worked the alleged number of weeks in the relevant time period; whether or not Plaintiff worked the alleged number of hours on a weekly basis; whether or not Plaintiff was terminated and whether or not there was individual coverage. Consequentially, Plaintiff's recovery at trial could have been minimal or there could have been no recovery at all had Defendants been able to establish their defenses, and/or Plaintiff not been able to establish enterprise or individual coverage.

7. Accordingly, the amount of this settlement to Plaintiff is fair and reasonable given that: Plaintiff will be receiving substantial compensation for her FLSA claims; Plaintiff's claims are highly disputed; the issues of material fact which are in dispute; and the fact that Plaintiff's recovery could have been minimal or non-existent had Defendants prevailed on their defenses at trial, including the lack of enterprise coverage. Additionally, this settlement is also reasonable given the high costs of defending and litigating this matter further and the time and resources which would have been expended by both parties in taking this mater to trial. This settlement was arrived at after considerable negotiation by the parties, and Defendants do not admit any liability in this action.

8. Separate and apart, Plaintiff's counsel shall receive $6,000.00 in attorney's fees and $1,000.00 in costs, which have been incurred to date in this action, including preparation and/or review of all settlement documents. Plaintiff's counsel, who has over 14 years of experience litigating employment related matters, charges an hourly rate of $375.00.

        Plaintiff's counsel's hourly rate of $375.00 has been consistently approved and deemed reasonable by this Court as well as Courts in the Middle District of Florida. *See Abreu v. Free Flow Constr., Inc.*, Case No. 18-20244, 2018 WL 6492904, at *1 (S.D. Fla. Oct. 30, 2018) (adopting Report and Recommendation recommending that Zandro E. Palma, Esq.'s requested rate of $375 was reasonable); *see also Ruiz, et. Al. v. Global Fish Handlers, Corp., et al.*, Case No. 1:16-cv-25205-JEM, [D.E.#65], (S.D. Fla. April 4, 2019) ("This Court has previously awarded Mr. Palma attorney's fees at a rate of $375 per hour. The Court finds that $375 is a reasonable hourly rate for Mr. Palma.") Plaintiff's counsel has expended over 34 hours on this matter to date, which includes time spent engaging in discovery, attorney-client communications, settlement negotiations, settlement conference and other off-the-record activity. Notwithstanding, Plaintiff's counsel's attorney's fees and costs were substantially reduced in good faith in order to facilitate settlement. Consequentially, Plaintiff's recovery was not adversely affected by the amount of fees and costs to be paid to her attorney.

9. The parties' settlement agreement is attached hereto as **Exhibit A** for the Court's consideration.

10. The attached agreement includes every term and condition of the parties' settlement.

11. Having agreed to the terms of the settlement reached, Plaintiff and Defendants respectfully request that this Honorable Court approve the settlement between the parties.

12. Accordingly, the parties respectfully request that this Court approve the Settlement attributed to Plaintiff's FLSA claims. Moreover, the parties stipulate to dismissal of this action with prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), provided that the Court enters an order retaining jurisdiction to enforce the terms of the settlement, and otherwise

deny any pending motions as moot.

13. A proposed order is provided herewith.

WHEREFORE, the Parties respectfully request that this Honorable Court approve the parties' settlement, dismisses this action with prejudice, and retain jurisdiction to enforce the terms of the settlement agreement.

DATED this 16th day of September 2020.

Respectfully submitted,

| | |
|---|---|
| */s/Zandro E. Palma*_____ | */s/Ena T. Diaz*_____ |
| Zandro E. Palma, Esq. | Ena T. Diaz, Esq. |
| Florida Bar No.: 0024031 | Florida Bar No. 0090999 |
| **ZANDRO E. PALMA, P.A.** | **ENA T. DIAZ, P.A.** |
| 9100 S. Dadeland Blvd., Suite 1500 | 999 Ponce De Leon Blvd., Suite 720 |
| Miami, Florida 33156 | Coral Gables, Florida 33134 |
| Telephone No.: (305) 446-1500 | Tel.: (305) 377-8828 |
| Facsimile No.: (305) 446-1502 | Fax: (305) 356-1311 |
| zep@ThePalmaLawGroup.com | E-mail: ediaz@enadiazlaw.com |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: 20-cv-14163-MIDDLEBROOKS

LETICIA C. MATEO,

    Plaintiff,

v.

EL CHURRASCO GRILL, LLC.,
and EVER SANTIZO GONZALEZ, individually,

    Defendants,
_____/

**ORDER GRANTING JOINT MOTION TO**
**APPROVE THE PARTIES' SETTLEMENT AGREEMENT**

**THIS CAUSE** came before the Court upon the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing the Case with Prejudice, and the Court having reviewed the motion and the file in this cause, having noted the agreement of the parties and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** that the parties' settlement is hereby **APPROVED**. It is further ordered that this action is **DISMISSED WITH PREJUDICE**. The Court shall retain jurisdiction to enforce the terms of the parties' settlement agreement should such enforcement become necessary.

**DONE AND ORDERED** in Chambers, in West Palm Beach, Florida this _____ day of September, 2020.

                                              _____
                                              **DONALD M. MIDDLEBROOKS**
                                              **UNITED STATES DISTRICT JUDGE**

Copies provided to:
All Counsel of Record