## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement"), is made and entered into by and between **EL CHURRASCO GRILL, LLC** on behalf of itself, parent corporations, affiliates, subsidiaries, divisions, predecessors, successors, and assigns, joint employers and the current and former officers, managing members, directors, owners and agents thereof and **EVER SANTIZO GONZALEZ**, on behalf of himself, his heirs, executors, administrators, successors, and assigns and the other corporate entities that he owns and operates (El Ranchito Thrift Shop and Big Taco Food Truck (hereinafter collectively, jointly and severally referred to throughout this Agreement as "**DEFENDANTS**" and "Released Parties"), and **LETICIA MATEO**, on behalf of herself, herheirs, executors, administrators, successors, and assigns (hereinafter **"PLAINTIFF MATEO "**).

WHEREAS, a dispute has arisen between PLAINTIFF MATEO, concerning allegations that PLAINTIFF MATEO has made in the Complaint styled as *LETICIA MATEO v. EL CHURRASCO GRILL, LLC and Ever Santizo Gonzalez, Case* No.  20-cv-14163-DMM currently pending in the United States District Court for the Southern District of Florida (referred to hereafter as the "Lawsuit");

WHEREAS, DEFENDANTS deny the validity of PLAINTIFF MATEO claims and deny that they are subject to any liability;

WHEREAS, the parties wish to resolve and settle their differences without resort to further litigation; and

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements set forth herein, which covenants and agreements constitute good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals**.  The parties acknowledge that the "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Consideration**.  In consideration for signing this Agreement and compliance with the promises made herein, DEFENDANT EL CHURRASCO GRILL, LLC (on behalf of all parties to the Lawsuit) shall pay to PLAINTIFF MATEO and her attorney the total sum of Twelve Thousand Dollars ($12,000.00) which shall be allocated as follows:

    a. Five Thousand Dollars ($5,000.00) of the total settlement amount has been apportioned to the Plaintiff for which two checks shall be issued to her.  One check made payable to LETICIA MATEO shall be in the amount of Two-Thousand Five Hundred Dollars ($2,500.00) less applicable tax deductions for which a W-2 shall be issued and a second check made payable to LETICIA MATEO in the amount of Two-Thousand Five

Hundred Dollars ($2,500.00) for which a 1099 shall be issued.  The amount of the second check has been attributed to the liquidated damages arising from the FLSA claim, and for a general release of all claims against the Released Parties.

  b. Seven Thousand Dollars ($7,000.00) has been apportioned for attorney's fees and costs and shall be paid to Law Offices of Zandro E. Palma, P.A. for which a 1099 shall be issued.

  c. The settlement proceeds set forth in paragraph 2(a) and 2(b) shall be payable within ten (10) days from the date of the Court's Order approving the parties' settlement.  However, if the revocation period has not expired by the deadline (10 days from the Court's Order of Approval), counsel for PLAINTIFF MATEO shall hold the settlement checks in escrow until the seven-day revocation period has expired.

  d. PLAINTIFF MATEO shall submit a signed Form W-4 and signed W-9 form at the time he provides a signed copy of the Agreement to counsel for DEFENDANTS.  At the same time, Law Offices of Zandro E. Palma, P.A., counsel for Plaintiff, shall also submit a signed Form W-9 to counsel for DEFENDANTS

  e. Any employee tax obligation arising from the payments made to PLAINTIFF MATEO under subparagraph 2(a) and 2(b) of this Agreement will be PLAINTIFF MATEO 's sole responsibility.  PLAINTIFF MATEO  hereby agrees that in the event the United States Internal Revenue Service, or any federal, state or local government agency requires DEFENDANTS to pay for or on behalf of PLAINTIFF MATEO  any amount in the nature of federal, state or local taxes or surcharges, or any interest or penalties related to the above-referenced payment, PLAINTIFF MATEO  shall indemnify and hold DEFENDANTS harmless for such amounts. PLAINTIFF MATEO acknowledges that she has not relied on any statements or representations by DEFENDANTS with respect to the tax treatment of such payments.

  3. **No Consideration Absent Execution of this Agreement**.  PLAINTIFF MATEO understands and agrees that she would not receive the monies and/or benefits specified in paragraph "2" and its subparts above, except for his execution of this Agreement and the fulfillment of the promises contained herein.  The payments reflected in paragraph "2" and its subparts are made in full and final settlement and resolution of the Lawsuit.

  4. **Neutral Reference**. In the event that a prospective employer requests an employment reference for PLAINTIFF MATEO, the parties agree that the prospective employer shall contact the Managing Member of EL CHURRASCO GRILL, LLC, Ever Santizo Gonzalez, who will only provide dates of employment and position held.

  5. **Release of Claims**: PLAINTIFF MATEO  knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, EL CHURRASCO GRILL, LLC its parent corporations, affiliates, subsidiaries, divisions, predecessors, successors and assigns, joint employers, and the current and former employees, officers, managing members, directors, owners, and agents thereof, of and from any and all claims, known and unknown, asserted and unasserted,  or that PLAINTIFF MATEO  has or may have against the Released Parties, which arise out of or are in any way connected with any loss, damage or injury whatsoever to PLAINTIFF MATEO  resulting from any act or omission by or on the

part of DEFENDANTS as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act (ADEA)
- The Immigration Reform and Control Act, as amended;
- The Fair Labor Standards Act, as amended;
- The Equal Pay Act, as amended;
- The Employee Retirement Income Security Act (ERISA)
- 42 U.S.C. §1981, 1985 and 1986.
- The Americans with Disabilities Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Families First Coronavirus Response Act;
- The Family Medical Leave Act;
- Florida Wage Payment Laws;
- Florida Workers' Compensation Act;
- Florida Stat. §440.205;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

The parties acknowledge that the Agreement shall not apply to rights or claims that may arise after the Effective Date.  Additionally, nothing in this paragraph or the Agreement is intended to limit or restrict any rights that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished.  PLAINTIFF MATEO understands and agrees that he is releasing all of the Released Parties, from any and all claims by which she is giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by her or on her behalf.

6. **Older Workers Benefit Protection Act.** In compliance with the Older Workers Benefit Protection Act and the Age Discrimination in Employment Act, PLAINTIFF MATEO  hereby acknowledges that (a) PLAINTIFF MATEO fully understands this Agreement; (b) this Agreement specifically applies to a knowing and voluntary release of any rights or claims PLAINTIFF MATEO  may have against DEFENDANT EL CHURRASCO GRILL, LLC under the Federal Age Discrimination in Employment Act of 1967, as amended arising on or before the date PLAINTIFF MATEO  signs this Agreement; (c) this Agreement does not purport to waive any rights or claims that may arise from acts or events occurring after the date that this Agreement is executed; (d) the consideration provided for in this Agreement and the provisions of this paragraph are in addition to that to which PLAINTIFF MATEO  is already entitled; (e) PLAINTIFF MATEO  has been advised and encouraged to consult with an attorney prior to signing this Agreement; (f) PLAINTIFF MATEO  has been

given a period of twenty-one (21) days within which to consider this Agreement; (g) this Agreement shall be revocable for the seven (7)-day period following execution of this Agreement by PLAINTIFF MATEO , provided PLAINTIFF MATEO  delivers written notice of such revocation to counsel for DEFENDANT, Ena T. Diaz, Esq., Law Offices of Ena T. Diaz, P.A., 999 Ponce De Leon Blvd., Suite 720, Coral Gables, Florida 33134 by hand delivery.  Accordingly, this Agreement shall not become effective or enforceable until the expiration of this seven (7)-day revocation period.  Should PLAINTIFF MATEO  choose to sign this Agreement prior to the twenty-one (21) day period set forth in this paragraph, this is solely PLAINTIFF MATEO 's choice, and PLAINTIFF MATEO  acknowledges and agrees that PLAINTIFF MATEO  knowingly and voluntarily waived the full amount of time she was provided with within which to consider this Agreement.   PLAINTIFF MATEO and DEFENDANTS agree that changes to this Agreement, if any, and whether material or not material, will not restart the twenty-one (21)-day period. If the revocation period has not expired when the settlement funds become due, counsel for PLAINTIFF MATEO shall retain the settlement funds in "escrow" and release the settlement funds to PLAINTIFF MATEO after the expiration of the seven-day revocation period.

7. **Affirmations**.

    a. PLAINTIFF MATEO affirms that she has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against the Released Parties in any forum or form.

    b. PLAINTIFF MATEO  further affirms that she has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to her, except as provided for in this Agreement.

    c. PLAINTIFF MATEO furthermore affirms that she has no occupational diseases and has been provided and/or has not been denied any leave to which he may be entitled under state or federal law.

8. **No Re-Application for Employment**. PLAINTIFF MATEO permanently, unequivocally, and unconditionally waives any and all rights PLAINTIFF MATEO  may now have, may have had in the past, or may have in the future to obtain or resume employment and/or work as an independent contractor or employee with EL CHURRASCO GRILL, LLC its parents, successors, affiliates, and subsidiaries.  PLAINTIFF MATEO agrees never to apply for employment and/or to seek independent contractor work with EL CHURRASCO GRILL, LLC its parents, successors, affiliates, and subsidiaries. PLAINTIFF MATEO further agrees never to apply for employment and/or to seek independent contractor work with any corporate entity that EVER SANTIZO GONZALEZ is listed as an officer or director or have an ownership interest (including but not limited to, El Ranchito Thrift Shop, LLC and Big Taco Food Truck).

9. **Non-Disparagement**. PLAINTIFF MATEO  agrees that she will not in the future (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding EVER SANTIZO GONZALEZ and EL

Doc ID: e02fcef9efd46b9320cf6bcd0d402e670029ef7c

CHURRASCO GRILL, LLC and/or the current and former officers, managers, managing members, directors, owners and agents of EL CHURRASCO GRILL, LLC or (b) make or authorize to be made by any written or oral statement that may disparage the reputation of EVER SANTIZO GONZALEZ and EL CHURRASCO GRILL, LLC and/or the current and former officers, managing members, directors, owners and agents.

10. **Confidentiality**. PLAINTIFF MATEO agrees not to disclose any information regarding the existence or substance of this Agreement, except to her spouse, tax advisors, accountant and/or legal counsel with whom she chooses to consult regarding his consideration of this Agreement, and except as otherwise required by law or court order. The Parties to this Agreement intend this confidentiality provision to be enforced to the maximum extent permitted by law. PLAINTIFF MATEO agrees that any violation of the Confidentiality provision would cause DEFENDANTS to suffer immediate, substantial and irreparable injury. PLAINTIFF MATEO affirms that this confidentiality provision is a material provision of this Agreement and that any proven breach thereof by PLAINTIFF MATEO would constitute a material breach of this Agreement.

11. **Governing Law and Interpretation**. This Agreement shall be governed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event that any party breaches any provision of this Agreement, the parties affirm that they may institute an action to specifically enforce any term or terms of this Agreement. The prevailing party shall be entitled to recover attorneys' fees and costs from the non-prevailing party in any enforcement action. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties agree that the U.S. District Court shall retain jurisdiction to enforce the terms of this Agreement.

12. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Release shall be deemed or construed at any time for any purpose as an admission by DEFENDANTS of any liability or unlawful conduct of any kind.

13. **Amendment**. This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

14. **Successors and Assigns**. This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. PLAINTIFF MATEO expressly warrants that she has not transferred to any person or entity any rights or causes of action, or claims released by this Agreement.

Doc ID: e02fcef9efd46b9320cf6bcd0d402e670029ef7c

15. **Selective Enforcement**.  The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

16. **Copy of Agreement Valid**.  The parties agree that executed copies of this Agreement shall be valid and binding, in the event the original executed counterparts to the Agreement are missing.

17. **Entire Agreement**.  This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties.  PLAINTIFF MATEO acknowledges that she has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

**PLAINTIFF MATEO IS HEREBY ADVISED THAT SHE HAS TWENTY-ONE DAYS TO REVIEW THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE AND THAT SHE SHOULD CONSULT WITH HIS ATTORNEY (ZANDRO E. PALMA, ESQ.) OR AN ATTORNEY PRIOR TO EXECUTION OF THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, PLAINTIFF MATEO  FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST THE RELEASED PARTIES.**

**THIS SECTION LEFT INTENTIONALLY BLANK – SIGNATURE PAGE FOLLOWS**

**Ms. Mateo's signature below represents that this Agreement has been translated from English into Spanish.  La firma de la Sra. Mateo afirma que este acuerdo ha sido traducido de inglés a español.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date(s) set forth below:

*Leticia Mateo*
_____
LETICIA MATEO

Date: 09 / 16 / 2020
      _____


EL CHURRASCO GRILL, LLC

By:_____
       Name: EVER SANTIZO GONZALEZ
       Title**:**   Managing Member

Date: _____


_____
EVER SANTIZO GONZALEZ

Date: _____

[ 7 ]

| Form **W-4**<br>Department of the Treasury<br>Internal Revenue Service | **Employee's Withholding Certificate**<br>▶ Complete Form W-4 so that your employer can withhold the correct federal income tax from your pay.<br>▶ Give Form W-4 to your employer.<br>▶ Your withholding is subject to review by the IRS. | OMB No. 1545-0074<br>**2020** |
|---|---|---|

| **Step 1:**<br>**Enter**<br>**Personal**<br>**Information** | (a) First name and middle initial<br>**Leticia** | Last name<br>**Mateo** | (b) Social security number<br>**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** |
|---|---|---|---|
| | Address<br>**15807 SW 151 Ave** | | ▶ Does your name match the name on your social security card? If not, to ensure you get credit for your earnings, contact SSA at 800-772-1213 or go to *www.ssa.gov*. |
| | City or town, state, and ZIP code<br>**Indiantown, FL 34956** | | |

(c) [✓] Single or Married filing separately
    [ ] Married filing jointly (or Qualifying widow(er))
    [ ] Head of household (Check only if you're unmarried and pay more than half the costs of keeping up a home for yourself and a qualifying individual.)

**Complete Steps 2–4 ONLY if they apply to you; otherwise, skip to Step 5.** See page 2 for more information on each step, who can claim exemption from withholding, when to use the online estimator, and privacy.

**Step 2:**
**Multiple Jobs or Spouse Works**

Complete this step if you (1) hold more than one job at a time, or (2) are married filing jointly and your spouse also works. The correct amount of withholding depends on income earned from all of these jobs.

Do **only one** of the following.

(a) Use the estimator at *www.irs.gov/W4App* for most accurate withholding for this step (and Steps 3–4); **or**

(b) Use the Multiple Jobs Worksheet on page 3 and enter the result in Step 4(c) below for roughly accurate withholding; **or**

(c) If there are only two jobs total, you may check this box. Do the same on Form W-4 for the other job. This option is accurate for jobs with similar pay; otherwise, more tax than necessary may be withheld . . . . . ▶ [ ]

**TIP:** To be accurate, submit a 2020 Form W-4 for all other jobs. If you (or your spouse) have self-employment income, including as an independent contractor, use the estimator.

**Complete Steps 3–4(b) on Form W-4 for only ONE of these jobs.** Leave those steps blank for the other jobs. (Your withholding will be most accurate if you complete Steps 3–4(b) on the Form W-4 for the highest paying job.)

**Step 3:**
**Claim Dependents**

If your income will be $200,000 or less ($400,000 or less if married filing jointly):

Multiply the number of qualifying children under age 17 by $2,000 ▶ $ **0**

Multiply the number of other dependents by $500 . . . . ▶ $ **500**

Add the amounts above and enter the total here . . . . . . . . . . . . . . . . . . 3 | $ **500.00**

**Step 4 (optional):**
**Other Adjustments**

(a) **Other income (not from jobs).** If you want tax withheld for other income you expect this year that won't have withholding, enter the amount of other income here. This may include interest, dividends, and retirement income . . . . . . . . . . . . . . . . 4(a) | $ **0**

(b) **Deductions.** If you expect to claim deductions other than the standard deduction and want to reduce your withholding, use the Deductions Worksheet on page 3 and enter the result here . . . . . . . . . . . . . . . . . . . . . . . . . 4(b) | $ **0**

(c) **Extra withholding.** Enter any additional tax you want withheld each **pay period** . 4(c) | $ **0**

**Step 5:**
**Sign Here**

Under penalties of perjury, I declare that this certificate, to the best of my knowledge and belief, is true, correct, and complete.

▶ *Leticia Mateo*
**Employee's signature** (This form is not valid unless you sign it.)

▶ 09 / 16 / 2020
**Date**

| **Employers Only** | Employer's name and address | First date of employment | Employer identification number (EIN) |
|---|---|---|---|

For Privacy Act and Paperwork Reduction Act Notice, see page 3.   Cat. No. 10220Q   Form **W-4** (2020)

Doc ID: e02fcef9efd46b9320cf6bcd0d402e670029ef7c

| Form **W-9**<br>(Rev. October 2018)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer<br>Identification Number and Certification**<br><br>▶ Go to *www.irs.gov/FormW9* for instructions and the latest information. | Give Form to the requester. Do not send to the IRS. |
|---|---|---|

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

**Leticia Mateo**

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only **one** of the following seven boxes.

- [✓] Individual/sole proprietor or single-member LLC
- [ ] C Corporation
- [ ] S Corporation
- [ ] Partnership
- [ ] Trust/estate

- [ ] Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ _____

   **Note:** Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is **not** disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

- [ ] Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

**15807 SW 151 Ave**

**6** City, state, and ZIP code

**Indiantown, FL 34956**

**7** List account number(s) here (optional)

Requester's name and address (optional)

### Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

**Note:** If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

**Social security number**

1 5 1 – 9 5 – 1 8 2 9

**or**

**Employer identification number**

### Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**  Signature of U.S. person ▶ *Leticia Mateo*   Date ▶ 09 / 16 / 2020

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

- Form 1099-INT (interest earned or paid)

- Form 1099-DIV (dividends, including those from stocks or mutual funds)
- Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)
- Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)
- Form 1099-S (proceeds from real estate transactions)
- Form 1099-K (merchant card and third party network transactions)
- Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)
- Form 1099-C (canceled debt)
- Form 1099-A (acquisition or abandonment of secured property)

   Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

   *If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See* What is backup withholding, *later.*

Cat. No. 10231X   Form **W-9** (Rev. 10-2018)

Doc ID: e02fcef9efd46b9320cf6bcd0d402e670029ef7c



Audit Trail

| | |
|---|---|
| **TITLE** | Settlement Documents |
| **FILE NAME** | MATEO LETIC... 091620.pdf and 2 others |
| **DOCUMENT ID** | e02fcef9efd46b9320cf6bcd0d402e670029ef7c |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**  09 / 16 / 2020  16:54:28 UTC-5  Sent for signature to Leticia Mateo (leticiamateo989@gmail.com) from jfp@thepalmalawgroup.com
IP: 73.0.216.26

**VIEWED**  09 / 16 / 2020  16:55:41 UTC-5  Viewed by Leticia Mateo (leticiamateo989@gmail.com)
IP: 107.77.249.39

**SIGNED**  09 / 16 / 2020  16:58:31 UTC-5  Signed by Leticia Mateo (leticiamateo989@gmail.com)
IP: 107.77.249.39

**COMPLETED**  09 / 16 / 2020  16:58:31 UTC-5  The document has been completed.

Powered by HELLOSIGN